STATE OF NEBRASKA v. FRANK SMITH.

FILED JUNE 15, 1918. No. 20685.

Food: MISBRANDING: VIOLATION OF STATUTE. Copy of label on which a charge of misbranding is based set out in the opinion, and *held* not a violation of section 2551, Rev. St. 1913.

ERROR to the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Exceptions overruled.*

*T. J. Doyle* and *F. A. Peterson,* for plaintiff in error.

*G. E. Hager, contra.*

MORRISSEY, C. J.

Defendant is charged with the violation of section 2551, Rev. St. 1913, which reads:

"No person shall within this state manufacture for sale therein, or have in his possession with intent to sell, offer or expose for sale, or sell any liquors, beverages, remedies, medicines or articles of food or drug which is adulterated or misbranded within the meaning of this article."

The district court dismissed the proceeding, and the county attorney prosecutes error under section 9185, Rev. St. 1913. The specific charge is that defendant sold a certain beverage which was misbranded. There is a discrepancy between the allegations of the complaint and the proof which we shall pass over and deal with the question presented as shown by the proof.

The label found in the bill of exceptions reads:

"DANCIGER'S
Non-alcoholic
CORDIALS
Harmlessly & Artificially
Flavored & Colored
Invigorating and Refreshing
A Beverage Triumph
BLACKBERRY
Flavor
Contains 1/10 of 1 per cent. Benzoate Soda."

There is some difference in the size of the type used and also in the color of the ink, but every word is printed in type which is of good size and is easily read. There is some contention that defendant violates the statute by using the word "Cordials," which word it is claimed has a well-known meaning and is descriptive of a beverage containing a substantial amount of alcohol. If the word stood alone there might be some basis for this claim, but it is preceded by the descriptive words: "Danciger's Non-alcoholic." No person possessing even a rudimentary knowledge of the English language will be deceived by this label into believing that he is buying a beverage containing alcohol.

The further claim is made that the public may be deceived by the label, thinking that the beverage is made from the juice of the blackberry. We find no basis for this contention. The label expressly states that the beverage is "Harmlessly & Artificially Flavored & Colored." It is true that the words "Blackberry Flavor" are prominently displayed on the label, but they must be considered with that which immediately precedes them.

A letter from the agricultural department, submitted in evidence and found in the bill of exceptions, shows that the label meets the requirements of that department. We fail to find that it violates the provisions of section 2551, Rev. St. 1913, under which the prosecution is brought, and the exceptions are

OVERRULED.

HAMER, J., not sitting.